Opinion filed July 2, 2009 











 
 
  
 
 







 
 
  
 
 




Opinion filed July 2, 2009 

 

 

 

 

 

 

                                                                        In The

                                                                              

    Eleventh
Court of Appeals

                                                                 ____________

 

                                                          No. 11-08-00250-CR

                                                    __________

 

                                BARNARD WASHINGTON, Appellant

 

                                                             V.

 

                                         STATE
OF TEXAS, Appellee

 



 

                                         On
Appeal from the 106th District Court     

 

                                                        Dawson
County, Texas

 

                                                  Trial
Court Cause No. 07-6704

 



 

                                             M
E M O R A N D U M    O P I N I O N

The
jury convicted Barnard Washington of two counts of assault on a public servant,
found neither of the enhancement allegations to be true, and assessed his
punishment at confinement for ten years for the first count and five years for
the second count.  We modify and affirm.

                                                           Procedural
Background








Appellant
was indicted for striking Correctional Officer Alfredo Molina in the face with
a closed fist (Count One) and for striking Correctional Officer Isaac Infante
in the face and upper body with a closed fist (Count Two).  The indictment also
alleged three prior felony convictions for delivery of cocaine.  Counsel was
appointed to represent appellant, and appellant filed multiple motions to
dismiss court-appointed counsel.

Appellant
eventually filed a motion for a Faretta hearing[1]
in order that he could represent himself.  After the Faretta hearing,
the trial court granted the motion.  Appellant summarily rejected the State=s most recent plea bargain,
and the case proceeded to trial before the jury.

                                                                 Issues
on Appeal

In
his pro se brief, appellant brings four points of error.  First, appellant
argues that the Special Prison Prosecution Unit is an illegal agency.  Next, he
contends that the trial court had no jurisdiction to proceed because the record
is absent of all of the prerequisites to invest jurisdiction. Third, he argues
that he was deprived of his constitutional rights to be present during pretrial
hearings.  Finally, appellant contends that he was denied his constitutional
right to counsel at all phases of the trial court proceedings.

Appellant
also states eleven questions in his brief that reiterate his four points plus
contend that the trial court forced him to represent himself, the trial court
erred by failing to rule on his motion to quash the indictment, the trial court
erred by not granting a continuance, the trial court erred by submitting the
second count to the jury, and the trial court erred by failing to submit
instructions on lesser included offenses.  Appellant also contends that his
case should never have gone before the jury.

                                                                 State=s Response

The
State contends that appellant has waived his first, second, and fourth points
of error.  The State further points out that Tex.
Gov=t Code Ann. ' 41.102 (Vernon Supp. 2008) allows a district
attorney to employ, hire, or retain assistance in prosecuting cases; that a
complaint is not a prerequisite for  a felony case; and that appellant exercised
his right to represent himself.  In response to the third point, the State
responds that the record does not support appellant=s contentions.

                                          Analysis
of Appellant=s
Complaints on Appeal








The
record before this court reflects that appellant was physically present in the
courtroom during the pretrial and trial proceedings.  Appellant filed a pro se
notice of appeal.  No posttrial motions were filed, and no posttrial hearings
were conducted.  The record further reflects that appellant asserted his rights
to represent himself and that appellant was allowed to exercise those rights
after a proper hearing.  In addition, the record includes the requisite
documents to invoke the trial court=s
jurisdiction.  Tex. Code Crim. Proc.
Ann. art. 4.05 (Vernon 2005), arts. 21.01-.19 (Vernon 2009).  As the
State noted, neither a complaint nor an information is a prerequisite in a
felony case.

The
record before this court does not support appellant=s contentions that he was forced to represent
himself or forced to proceed to a jury trial, that he was not allowed to be
present during the trial court proceedings, that the trial court erred in its
charge to the jury, or that the trial court erred in proceeding to trial.  The
record affirmatively reflects that appellant asserted his rights to self-
representation and that appellant told the trial court that he had no
objections to the charge.  Appellant=s
arguments concerning his motion to quash and his motion for continuance are
based on his contentions that he was forced to represent himself, that the
proper documents were not filed, and that he was denied his right to be present
in pretrial proceedings that he has deemed are required under state and federal
law.  These arguments are supported by neither the facts of this case nor the
applicable laws.  The record reflects that the applicable provisions of Tex. Code Crim. Proc. Ann.  arts.
25.01-.02, 26.01-.15 (Vernon 2009), arts. 27.01-.18, 28.01-.14, 29.01-.13
(Vernon 2006) were complied with and that the pretrial hearings that appellant
complains were not conducted were not appropriate.

We
agree with the State=s
contentions that appellant has not properly preserved his complaints in his
first, second, and fourth points.  Moreover, we note that his contentions as to
the  special prosecutor are not well-founded.  Section 41.102; see also Tex. Code Crim. Proc. Ann.  art. 104.003 (Vernon Supp. 2008).

All
of appellant=s
contentions on appeal have been considered.  Each contention is overruled.

                                                            Holding

The
judgment of the trial court is modified to reflect that the trial court imposed
a sentence of confinement for ten years for the first count and a sentence of
confinement for five years for the second count.  As modified, the judgment of
the trial court is affirmed.

 

PER CURIAM

July 2, 2009

Do not publish. 
See Tex. R. App. P. 47.2(b).

Panel consists of:  Wright, C.J.,

McCall, J., and Strange, J.









[1]Faretta v. California, 422 U.S. 806 (1975).